| | |
|---|---|
| CARLOS C. HOUSH,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO STATE PRISON, et al.,<br><br>Defendants. | No. 2:18-cv-3271 DB P<br><br><br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges claims for deliberate indifference to his serious medical needs and excessive force in violation of the Eighth Amendment. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, the court finds plaintiff fails to state any cognizable claims for relief. The court will dismiss plaintiff's FAC with leave to amend.

**BACKGROUND**

Plaintiff is currently incarcerated at the California Medical Facility. He complains of conduct that occurred when he was confined at California State Prison-Solano ("CSP-Solano"). Plaintiff filed his original complaint on December 27, 2018, alleging claims against four defendants. (ECF No. 1.) On screening, the court found plaintiff failed to state cognizable claims under § 1983 against any defendant. (ECF No. 5.) Plaintiff was given thirty days to file an

1

amended complaint. On April 25, 2019, plaintiff filed his FAC. (ECF No. 9.) He alleges claims for deliberate indifference to his medical needs and excessive force against four defendants. The court considers this FAC below.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I.    First Amended Complaint**

Plaintiff identifies the following defendants: (1) Correctional Sergeant Chainbers; (2) Dr. Win; (3) Psychologist Brian Cleary; and (4) unnamed medical staff at CSP-Solano. In his first claim, plaintiff states that Cleary failed to correctly diagnose plaintiff's brain injury. He further alleges that Win failed to "recover my medical history documents regarding brain injury and frost-bite." Plaintiff states that his personal physician had already diagnosed those medical problems. Finally, plaintiff alleges Chainbers refused to allow medical staff to re-stitch his left ear after another inmate bit it off. Plaintiff alleges that as a result of these failures, he suffers memory loss from the brain injury and loss of part of his left ear.

In his second claim, plaintiff simply states that Chainbers' refusal to allow medical staff to treat his left ear amounted to excessive force. For relief, plaintiff seeks monetary damages.

**II.   Unrelated Claims**

Initially, this court notes that plaintiff's claims involving his brain injury appear to be unrelated to his claim involving his ear. Plaintiff may allege multiple claims against a single

defendant. Fed. R. Civ. P. 18(a). Each separate claim should be contained in a separate, numbered set of paragraphs. However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Plaintiff is advised that in any second amended complaint, he must either establish a sufficient link between his brain injury claims and his ear claim or he must choose to pursue one or the other in this action.

### III. Unnamed Defendants

Plaintiff lists unnamed medical staff at CSP-Solano as a defendant. However, plaintiff does not explain what any of these unnamed defendants did that caused him harm. While the use of unnamed defendants, called "Doe" defendants, is generally disfavored, it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If plaintiff wishes to include Doe defendants in this action, he must allege facts showing when, where, and how each Doe defendant violated his constitutional rights. See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015 WL 875233, at *3 (D. Ariz. Mar. 2, 2015). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. at 691, 695.

### IV. Does Plaintiff State Cognizable Claims for Deliberate Indifference?

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth

Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The prisoner must then satisfy the subjective requirement – showing that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834.

To show he had a serious medical need, plaintiff must allege that "the failure to treat the [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.

**A. Brain Injury Claim**

With respect to plaintiff's claim involving his brain injury, plaintiff again fails to provide sufficient facts to allow this court to determine if he has a serious medical need. Plaintiff states only that he has a brain injury and that it caused memory loss. He does not explain what type of injury, when it occurred, or why the memory loss is related to the brain injury.

Next, plaintiff must allege facts showing each defendant was deliberately indifferent to that need. Plaintiff does not show why Dr. Win should have obtained his medical records or when he should have done so. Nor does plaintiff show that Dr. Win knew that plaintiff had a serious medical need and, by failing to obtain plaintiff's medical records, ignored that need.

Plaintiff also fails to show defendant Cleary was deliberately indifferent. Plaintiff does not explain what Cleary knew about plaintiff's brain health, why Cleary should have diagnosed the brain injury, and why Cleary's failure to diagnose it amounts to deliberate indifference to plaintiff's serious medical needs. Further, the court notes that plaintiff identifies Cleary as a psychologist. A psychologist is not a medical doctor. Plaintiff must show why a psychologist such as Cleary should have known about his brain injury.

### B. Ear Injury Claim

Plaintiff contends another inmate bit off part of his left ear. The court finds that injury qualifies as a serious medical need. Plaintiff further contends that defendant Chainbers refused to allow medical staff to re-stitch his left ear. As a result, plaintiff lost part of his left ear. While plaintiff's allegations are close to stating a claim, the court requires more information. Plaintiff should explain when his ear injury occurred, how Chainbers knew about the ear injury, and what Chainbers did that caused medical staff to be unable to repair plaintiff's ear.

### V. Does Plaintiff state a Claim for Excessive Force?

A claim for excessive force under the Eighth Amendment involves an allegation that a prison staff member used force on plaintiff. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam). Plaintiff does not make that allegation here. Rather, plaintiff's claim against defendant Chainbers is one for deliberate indifference to his medical needs, as described above. If plaintiff chooses to file an amended complaint regarding his claim against defendant Chainbers, he should state that claim only as one regarding his medical needs.

### VI. Filing a Second Amended Complaint

As set out above, plaintiff fails to state cognizable claims against any defendants. Also as set out above, in an amended complaint, plaintiff must either: (1) establish a sufficient link between his ear injury claim against defendant Chainbers and his brain injury claims against defendants Cleary and Winn; or (2) raise only one of these claims in his second amended complaint.

In addition, plaintiff is advised of the following standards for filing an amended complaint. First, plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

////

5

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 9) is dismissed with leave to amend.

////

2. Within thirty days from the date of service of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in a recommendation that this case be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: May 24, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/hous3271.FAC scrn